PER CURIAM.
After jury trial appellant was found guilty of having committed the offenses of involuntary sexual battery, attempted robbery, and assault with intent to commit murder in the first degree. He was sentenced to a single general life sentence with credit for time served in jail awaiting trial.
The points relied upon by appellant for reversal have been carefully considered in the light of the record and briefs, and we hold no reversible error has been made to appear. It is necessary, however, for the case to be remanded to the trial court for correction of appellant’s sentence. It is apparent from our reading of the colloquy of the sentencing hearing that the trial court intended to impose maximum concurrent sentences on the charged offenses which, we submit, would have been proper. The offenses do not fall within the single transaction rule. The judgment and sentence rendered in this case shows that the trial court did not carry out his expressed intention and, as mentioned before, imposed a general sentence, which is improper. Darden v. State, 306 So.2d 581 (Fla.2d DCA 1975). See also Darden v. State, 330 So.2d 750 (Fla.2d DCA 1976).
Therefore, the convictions are affirmed, but the general life sentence is vacated. The case is remanded for resentencing in order that the judgment and sentence may reflect the imposition of sentence announced by the trial court in open court. It is not necessary that appellant be present in court for this purpose.
BOARDMAN, C. J., and GRIMES and SCHEB, JJ., concur.